**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MISS BELMAR II FISHING INC., AS OWNER OF THE P/V ROYAL MISS BELMAR FOR EXONERATION FROM, OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 11-4757 (MLC)<br><br>**O P I N I O N** |

**THE PETITIONER** Miss Belmar II Fishing, Inc. ("MBFI") brought an action pursuant to 46 U.S.C. § 30505, seeking to exonerate itself from or otherwise limit its liability for damages related to a catamaran ("the Vessel") that grounded while traveling in the Caribbean Sea between St. John and St. Croix ("the Grounding"). (See dkt. entry no. 1, Compl. at ¶¶ 1, 7-8.) The petitioner Aquatics Management, LLC ("AML") separately brought an action pursuant to 46 U.S.C. §§ 30505 and 30511, similarly seeking to exonerate itself from or otherwise limit its liability for damages related to the Grounding. See Compl., In the Matter of the P/V Royal Miss Belmar on the Complaint of Aquatic Management, LLC, d/b/a V.I. SeaTrans, as Charterer, of the Vessel for Exoneration from, or Limitation of, Liability, No. 11-4771 (D.N.J. Aug. 19, 2011), ECF No. 1. The Court earlier consolidated those actions under this caption. (See, e.g., dkt. entry no. 3, 10-17-11 Order.) Thereafter, several claims were settled. (See, e.g., dkt. entry no. 59, Stipulation of Dismissal with Prejudice as to Claimant Emery Jagrup.)

**CLAIMANT LORNA KING**, purportedly acting on behalf of all of the individual claimants who remain in the action ("the Remaining Claimants"), now moves for a venue transfer to the United States District Court of the Virgin Islands. (See dkt. entry no. 87, Notice of Mot.)[1]  MBFI opposes the Motion. (See dkt. entry no. 98, MBFI Opp'n Br.)  AML separately opposes the Motion. (See dkt. entry no. 99, AML Opp'n Br.)  The Court resolves the Motion on the papers and without oral argument pursuant to Local Civil Rule 78.1(b).

**IT APPEARS** that the Federal Rules of Civil Procedure govern the action, insofar as they provide supplemental rules that apply to admiralty and maritime claims.  Supplemental Rule F(9) addresses venue and transfer, and provides in pertinent part that a maritime complaint addressing exoneration or limitation of liability

> shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested,

---

[1] The Court is not certain whether the Motion was brought by King, as reflected by the docket, or by Claimant Ira Galloway, as reflected by the movant's papers. (Compare dkt. text entry accompanying Notice of Motion, with Notice of Mot. at 2.)  It appears, however, that this is a difference without a distinction. The attorney representing the movant, Jordan N. Pedersen, Jr. of the law firm of Javerbaum, Wurgaft, Hicks, Kahn, Wikstrom & Sinins, P.C. ("the Javerbaum Firm"), has held himself out to the Magistrate Judge to be counsel for all of the Remaining Claimants. (See also dkt. entry no. 87-1, Pedersen Certification at ¶ 1 (referring to the Javerbaum Firm as "counsel for Claimants").)

>then in any district in which the owner has been sued with respect to any such claim.  When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district.  For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

Fed.R.Civ.P. Supp. Admiralty & Maritime Claim R. F(9).

**THE FACTORS** considered when determining whether a transfer is appropriate under Supplemental Rule F(9) are the same as those considered on a motion made under 28 U.S.C. § 1404(a) ("Section 1404(a)"). In re Compl. of Norfolk Dredging Co., 240 F.Supp.2d 532, 534 (E.D. Va. 2002).  "These criteria include: (1) the convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general." Id. (citations omitted); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-83 (3d Cir. 1995).  "However, it is important to note that Rule F(9) is an entirely distinct statute from Section 1404(a), and the two overlap

3

only in the factors to be weighed by a court in determining whether or not transfer is appropriate." In re Compl. & Pet. of Triton Asset Leasing GmbH, 719 F.Supp.2d 753, 760 (S.D. Tex. 2010); see also Pet. Of Alamo Chem. Transp. Co., 323 F.Supp. 789, 790-92 (S.D. Tex. 1970) (discussing history and interrelationship of the Supplemental Rules and Section 1404(a)).

**THE REMAINING CLAIMANTS** argue that Section 1404(a) would permit transfer of this consolidated action to the United States District Court of the Virgin Islands.[2] But Section 1404(a) is inapplicable here. As noted above, this action is governed by Supplemental Rule F(9), which is "entirely distinct" from Section 1404(a). Triton Asset Leasing, 719 F.Supp.2d at 760. Because the Remaining Claimants have failed to direct the Court to any binding authority stating or suggesting that Supplemental Rule F(9) would permit transfer of this action to the United States District Court of the Virgin Islands, the Court intends to deny the Motion.

**IT APPEARS**, however, that it may still be appropriate to transfer the action to another district under Supplemental Rule F(9). It appears that several independent medical examinations were conducted in Miami, Florida. It also appears that some of the

---

[2] Section 1404(a) permitted transfer of actions to the United States District Court of the Virgin Islands before it was most recently amended. See 28 U.S.C. § 1404(a), (d) (1996); see also Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency, 939 F.Supp. 1, 1-3 (D.D.C. 1996).

4

Remaining Claimants reside in West Virginia; Orange County, California; and Vermont.  The Court thus intends to order the Remaining Claimants, MBFI, and AML to show cause why the action should not be transferred either to the United States District Court for the Southern District of Florida or to any of the districts where one or more claimants reside.

**THE COURT**, for good cause appearing, will enter a separate Order and Order to Show Cause.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Date:    May 29, 2013

5