**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN THE MATTER OF THE COMPLAINT OF
MISS BELMAR II FISHING INC., AS
OWNER OF THE P/V ROYAL MISS
BELMAR FOR EXONERATION FROM, OR
LIMITATION OF LIABILITY

CIVIL ACTION NO. 11-4757 (MLC)

**O P I N I O N**

**THE COURT** earlier denied the claimants' motion to transfer the action to the United States District Court of the Virgin Islands. (See dkt. entry no. 115, 5-29-13 Order; dkt. entry no. 114, 5-29-13 Op.; see also dkt. entry no. 87, Transfer Mot.) The claimants now move for reconsideration of the 5-29-13 Order, and reiterate their request that the Court transfer the action to the United States District Court of the Virgin Islands. (See dkt. entry no. 118, Reconsideration Mot.)

**IT IS** "well settled that a motion for reconsideration . . . is 'an extremely limited procedural vehicle.'" Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) (citation omitted). District courts, which enjoy discretion to grant or deny motions for reconsideration, grant such motions very sparingly. See Caver v. City of Trenton, 420 F.3d 243, 258 (3d Cir. 2005); Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004). A movant seeking reconsideration must show: (1) an intervening change in controlling law; (2) the availability of new evidence that was

previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See, e.g., Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

**A MOVANT** seeking reconsideration may not "relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment." Boretsky v. Governor of N.J., 433 Fed.Appx. 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009)); Dunkley v. Mellon Investor Servs., 378 Fed.Appx. 169, 172 (3d Cir. 2010) (same). "This prohibition includes new arguments that were previously available, but not pressed." Wilchombe, 555 F.3d at 957 (citation omitted) (internal quotation marks omitted); see also Summerfield v. Equifax Info. Servs. LLC, 264 F.R.D. 133, 145 (D.N.J. 2009) ("A motion for reconsideration will [] fail if the moving party raises argument[s] . . . that could have been raised . . . before the original decision was reached.").

**RECONSIDERATION** is not warranted where the movant merely recapitulates the cases and arguments previously analyzed by the court. Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already

considered . . . ."). Similarly, reconsideration is not warranted where the apparent purpose of the motion is for the movant to express disagreement with the court's initial decision. Tehan, 111 F.Supp.2d at 549.

**THE COURT** has carefully reviewed the brief that the claimants have filed in support of the Reconsideration Motion. The claimants fail to argue that: (1) there has been an intervening change in controlling law; (2) new evidence is available that was previously unavailable; or (3) there exists a need to correct a clear error of law or fact or to prevent manifest injustice. But cf. Max's Seafood Café, 176 F.3d at 677. The claimants also fail to demonstrate that the Court earlier committed "a clear error of law or fact." Indeed, the Court stated in the 5-29-13 Opinion that the claimants "ha[d] failed to direct the Court to any binding authority stating or suggesting that Supplemental Rule F(9) would permit transfer of the action to the United States District Court of the Virgin Islands." (5-29-13 Op. at 4.) That remains the case, even after consideration of the claimants' brief in support of the Reconsideration Motion.

**THE COURT**, for good cause appearing, thus intends to deny the Reconsideration Motion. The Court will enter a separate Order.[1]

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated:    June 14, 2013

---

[1] The Court here expresses no opinion on the claimants' response to the 5-29-13 Order, insofar as that Order required all parties to the action to show cause why the action should not be transferred "either to the United States District Court for the Southern District of Florida or to a United States District Court located in a vicinage within California, Vermont, or West Virginia where at least one of the individual claimants remaining in this action resides." (5-29-13 Order at 1; see dkt. entry no. 119, Claimants' Response.)