**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MISS BELMAR II FISHING INC., AS OWNER OF THE P/V ROYAL MISS BELMAR FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 11-4757 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

Four proposed claimants, Garrick Mathurin, Tanna Mathurin, Ranaldo Mathurin, and Selah Mathurin (collectively "Proposed Claimants"), earlier moved before the Magistrate Judge to set aside default and permit the late filing of answers and claims. (See dkt. entry no. 142, Proposed Claimants' Mot.)  Three of the Proposed Claimants are minor children.  (See dkt. entry no. 159-2, Proposed Claimants' Br. at 6.)  The Plaintiffs in Limitation, Miss Belmar II Fishing Inc. ("Belmar") and Aquatic Management LLC ("Aquatic") opposed that motion.  (See dkt. entry no. 147, Belmar Br.; dkt. entry no. 146, Aquatic Br.)

The Magistrate Judge denied the Proposed Claimants' motion to set aside default and permit the late filing of answers and claims.  (See dkt. entry no. 158, Magistrate Judge Decision.)  The Proposed Claimants now appeal from the Magistrate Judge Decision.  (See generally Proposed Claimants' Br.)  Both Plaintiffs in Limitation opposed the appeal.  (See dkt. entry no. 160, Belmar Opp'n Br.; dkt. entry no. 161, Aquatic Opp'n Br.)  The Court will resolve the appeal without oral argument.  See L.Civ.R. 78.1(b).  For the following reasons, the Court will affirm the Magistrate Judge Decision.

I.      **BACKGROUND**

A.      **Factual and Procedural History**

This appeal concerns a consolidated admiralty limitation proceeding.  (<u>See</u> Magistrate Judge Decision at 1–2.)  The claimants to the admiralty proceeding seek damages for alleged injuries sustained when the vessel P/V Royal Miss Belmar grounded upon Great St. James Island on July 4, 2011.  (<u>See generally</u> <u>id.</u>; <u>see also</u> dkt. entry no. 1, Compl. at 1–2.)  Because the Magistrate Judge Decision explained the factual and procedural underpinnings to this case, however, the Court will assume the parties' familiarity with both.  (<u>See generally</u> Magistrate Judge Decision.)  Accordingly, in the interest of brevity, the Court will limit the factual or procedural analysis to the issues pertinent to this appeal.

The Magistrate Judge Decision discussed the motion to preclude any new claimants from entering suit, which was effective by way of consent order on September 17, 2012.  (<u>See</u> <u>id.</u> at 1–4.)  The consent order "ordered the default of any persons who had not yet filed a claim, thereby barring any such claims."  (<u>Id.</u> at 2; <u>see also</u> dkt. entry no. 44, 9-17-12 Consent Order ("[T]he defaults of all persons and entities who may have any claim for losses, damages, injuries, or destruction arising out of the Incident or the voyage on which the Vessel was then engaged, and who have not heretofore filed and presented claims and answers be and are hereby noted, and that all such persons and entities in default are hereby barred from filing any claims and answers in this or any proceeding relating to said Incident or voyage.").)

The Magistrate Judge Decision also summarized case developments, including the parties' exchange of medical records and court orders governing independent medical examinations ("IMEs"), which the claimants to this action were required to complete by March 29, 2013.  (See Magistrate Judge Decision at 3; see also dkt. entry no. 82, 12-17-12 Pretrial Scheduling Order.)  The underwriters for the Plaintiffs in Limitation funded the IMEs.  (See Magistrate Judge Decision at 3.)   With respect to settlement, the Magistrate Judge Decision summarized a large-scale mediation that was conducted from July 9, 2012 through July 10, 2012, which resolved numerous claims.  (See id.)

**B.      The Proposed Claimants' Arguments in Support of Appeal**

The Proposed Claimants argue that the Magistrate Judge Decision to deny the Proposed Claimants' motion to set aside default and permit the late filing of answers and claims was "incorrect and contrary to law."  (Proposed Claimants' Br. at 2.)  While acknowledging "the criteria utilized was correct under the existing law" the Proposed Claimants assert that "the findings made applying the criteria were incorrect and should be set aside."  (Id. at 4.)  The Proposed Claimants' arguments primarily stem from the Magistrate Judge's application of the three-factor test governing leave to file untimely claims.  (See generally id.)  This test requires that courts considering untimely claims analyze: "(1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the *parties*, and (3) the claimant's reasons for filing late."  In re Trace Marine Inc., 114 Fed.Appx. 124, 127 (5th Cir. 2004).

### 1.      Procedural Posture

With respect to the procedural posture, the Proposed Claimants concede that "the majority of claimants have reached settlements" in this case. (Proposed Claimants' Br. at 4.)  The Proposed Claimants argue that because "discovery will be undertaken" in the remaining claims, however, the Court should deem this proceeding "pending and undetermined within the meaning of the law." (Id.)  The Proposed Claimants, however, cite no case law to support this argument. (See id.)  Nor do the Proposed Claimants explain why "discovery regarding the issues of liability and entitlement to limitation will be extensive." (Id.)

### 2.      Adverse Impact to the Parties

The Proposed Claimants argue that permitting the late filing will not adversely affect the rights of the parties. (See id.)  The Proposed Claimants, in support of this argument, appear to argue that the Plaintiffs in Limitation should not arrange "the transportation of its chosen doctors to travel to different parts of the country to examine the claimants." (Id. at 5.)  Rather, it seems that the Proposed Claimants ask both the Plaintiffs in Limitation and the Court to arrange IMEs for the untimely claimants. (See id. at 4–5 ("If the Court grants this application, the parties can certainly work out a fair procedure to examine the proposed claimants, and if necessary, seek the assistance of the Court.").)

The Proposed Claimants also ask the Court to set aside the Magistrate Judge Decision because the untimely claims purportedly "will not have any appreciable effect on the remaining claims." (Id. at 5.)  According to the Proposed Claimants, the limited

"appreciable effect" will not "jeopardize the remaining allocable funds and force

Plaintiffs [in Limitation] to reevaluate settlement offers already extended."  (Id.)

Unfortunately, the Proposed Claimants provide no evidence to support this assertion.

(See id. at 4–5.)

### 3.    Cause

The Proposed Claimants appeal from the Magistrate Judge's ruling that the

Proposed Claimants did not demonstrate cause to excuse the untimely filing.  (Id. at 6.)

The Proposed Claimants ask this Court to reject the "good cause standard," which

imposes a heightened burden upon untimely claimants.  (Id. ("It is submitted that … [the

"good cause standard"] should not be the law of this Circuit.").)  In the same breath,

however, the Proposed Claimants concede that the Magistrate Judge applied the "simple

cause standard" because "it was unnecessary to rule on whether the good cause standard

applied."  (Id. at 3.)  The Proposed Claimants provide no explanation as to why the

"simple cause standard" is preferable to the "good cause standard" or rationale as to why

the Court should rule as to this issue.  (See generally id.)

According to the Proposed Claimants' interpretation of the "simple cause

standard," the Proposed Claimants must merely provide an "explanation for the delay."

(Id. at 6.)  The Proposed Claimants appear to argue that "lack of actual notice of the

proceeding" is a sufficient explanation in this case.  (See id.)  Again, however, the

Proposed Claimants cite no case law to support this argument.  (See generally Proposed

Claimants' Br.)

The Proposed Claimants criticize the Magistrate Judge Decision for "denying the three minors a remedy for their injuries."  (Id. at 6.)  The Proposed Claimants appear to argue that special procedural protection for minor children – such as tolling statutes – excuse untimely filings.  (Id. ("Many of the laws of the United States, including New Jersey, toll statutes of limitation for minors until they reach the age of majority. Moreover, the Court affords minors special protections such as friendly hearings to insure that settlements are fair and that any proceeds are protected for the minor.").)  The Proposed Claimants, however, fail to cite a single tolling statute to support this argument. (See generally id.)  Nor do the Proposed Claimants explain how the tolling statutes apply to this case.  (Id.)

### C.    Belmar's Arguments in Support of the Magistrate Judge Decision

Belmar argues that the Magistrate Judge applied "correct law to the undisputed facts" in this case.  (Belmar Opp'n Br. at 1).  Many of Belmar's arguments point to the Proposed Claimants' failure to challenge the legal standards relied upon by the Magistrate Judge or raise new issues of fact.  (See, e.g., id. at 3 ("Proposed Claimants do not object to the law or the facts on which the magistrate judge decision rests.").)  Belmar argues that the Magistrate Judge committed no abuse of discretion in determining that the three-factor test did not excuse the Proposed Claimants' untimely motion.  (See id. at 5–9.)

### 1.    Procedural Posture

Belmar argues that the Magistrate Judge properly held that the matter is no longer "pending and undetermined" for the purposes of the Proposed Claimants' motion.  (Id. at 5–7.)  Belmar explains that "significant progress of this proceeding toward complete

6

resolution" supports the argument that "the magistrate judge's decision was logical, supported by facts, and certainly not an abuse of discretion." (Id. at 5–7.) Belmar describes, for example, that the "timely claimants [to this suit] have issued Rule 26 Initial Disclosures and authorizations for the release of medical records." (Id. at 6.)

Belmar also describes several examples of the progress toward resolving this case. (See generally id.) The Plaintiffs in Limitation and their underwriters, for example, have reviewed and analyzed "the timely claimants' medical records, amounting to over 1,000 pages." (Id. at 6.) The Plaintiffs in Limitation and their underwriters have also "arranged for the independent medical evaluations of all remaining claimants pursuing claims." (Id.) Medical experts traveled to St. Croix and Florida to conduct the IMEs, which lasted four days. (See id. at 6–7.)

## 2.      Adverse Impact to the Parties

Belmar argues that the Magistrate Judge properly found that permitting the Proposed Claimants' untimely filing will adversely impact the Plaintiffs in Limitation. (Id. at 7–10.) Belmar, as one example of prejudice, argues that adding the Proposed Claimants will require the Plaintiffs in Limitation to conduct additional IMEs for the Proposed Claimants. (Id. at 7–8.) According to Belmar, this procedure – which the Proposed Claimants anticipate may require Court intervention – will impose added costs upon the Plaintiffs in Limitation. (Id. at 7–8.)

Belmar argues that the Magistrate Judge's finding that "the addition of new claimants at this late stage might jeopardize the funds available to the remaining claimants" is "supported by the facts and sound reasoning." (Id. at 8.) According to

Belmar, "the addition of Proposed Claimants' claims will reduce the finite funds available for payment of the timely claimants' claims." (Id.)  Thus, Belmar argues that adding the Proposed Claimants will dilute settlement funds, thereby reducing the timely claimants' potential recovery.  (Id. at 8–9 ("As a result [of adding the Proposed Claimants to this action], the existing claimants, if successful, will likely receive less than if the Proposed Claimants were not added.").)

As to settlement, Belmar argues that the Magistrate Judge properly found that permitting the Proposed Claimants' untimely filing would prejudice the Plaintiffs in Limitation because "approximately four dozen settlements [in this case have] already resolved." (Id. at 9.)  According to Belmar, the "addition of Proposed Claimants at this late stage in the litigation would deprive [Plaintiffs in Limitation] and their underwriters of the benefit of their previous settlements." (Id.)

### 3.    Cause

Belmar characterizes the Proposed Claimants' insistence that this Court adopt the "simple cause standard" as a "red herring," because the "magistrate judge found that the Proposed Claimants had not shown cause, let alone good cause, for their delay." (Id. at 4, 10.)  Belmar argues that the Proposed Claimants' "lack of actual notice" of the proceeding does not excuse the untimely claims. (Id. at 10.)  Because the Proposed Claimants did not raise the argument concerning special procedural protection for minors before the Magistrate Judge, Belmar asks this Court to disregard that argument. (See id. at 10–11.)  Belmar also points out that the "Proposed Claimants fail to cite any law in support of their argument." (See id. at 11.)

### D.     Aquatic's Arguments in Support of the Magistrate Judge Decision

Aquatic adopts Belmar's brief and raises few new arguments.  (See Aquatic Opp'n

Br. at 1 ("The memorandum filed today by Petitioner Miss Belmar II Fishing Inc. …

shows why [Proposed Claimants'] arguments fail, and these points will not be repeated

here.").)  Aquatic appears to rely upon the same three-factor test governing leave to file

late claims to support the supplemental arguments.  (See id. at 1–3.)

#### 1.     Procedural Posture

Aquatic argues that the proceeding is not "pending and undetermined," because

"the great majority of the timely-filed claims have already been settled and dismissed

with prejudice."  (Id. at 2.)  Rejecting the Proposed Claimants' assertion that ongoing

discovery deems this case "pending and undetermined," Aquatic argues that the Proposed

Claimants cite "no authority that would allow a tardy claimant to enter limitation

proceedings at a point where some three-quarters of the timely-filed claims have already

been settled and dismissed."  (Id.)  Aquatic also argues that as a practical matter,

permitting tardy claimants to enter limitation proceedings will discourage future

voluntary settlements.  (See id.)

#### 2.     Adverse Impact to the Parties

Aquatic argues that permitting the Potential Claimants' untimely filing will

adversely impact the Plaintiffs in Limitation, because "considerable effort has already

been expended with respect to investigation and settlement of the timely-filed claims,

including a lengthy mediation and independent medical examinations conducted in the

Virgin Islands by physicians flown in from Florida and New York."  (Id. at 2.)  Aquatic

also raises "the interests of non-settling claimants who remain parties to these proceedings." (Id.)

### 3.   Cause

Aquatic argues that the Proposed Claimants do not demonstrate cause to permit the untimely filing, because "a mere lack of awareness of a limitation proceeding and claims deadline does not establish 'cause' for tardiness." (Id. at 3.)  Aquatic contends that the Magistrate Judge properly observed that "all required notices were duly given" to potential claimants. (Id.)  According to Aquatic, "in light of the publicity in the Virgin Islands surrounding the casualty, it is hard to fathom that a passenger who genuinely believed he had a claim would not have consulted with counsel or at least looked into matters more closely" within the prescribed timeframe. (Id.)

## II.   STANDARD OF REVIEW

A magistrate judge has wide discretion to decide non-dispositive motions. See Miller v. Beneficial Mgmt. Corp., 844 F.Supp. 990, 997–98 (D.N.J. 1993); see also Farmers & Merchs. Nat. Bank v. San Clemente Fin. Grp. Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997) (holding magistrate judge has broad discretion to resolve discovery disputes).  Litigants may appeal from magistrate judge decisions to the District Court. See Fed.R.Civ.P. 72(a); L.Civ.R. 72.1(c)(1).  The Court may not reverse, modify, or vacate a magistrate judge's order addressing a non-dispositive motion absent a finding that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

"A finding is clearly erroneous only when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed." Thomas v. Ford Motor Co., 137 F.Supp.2d 575, 579

(D.N.J. 2001) (internal quotation omitted).  The Court cannot consider evidence that was

not presented to the magistrate judge. Id.

## III.   DISCUSSION

### A.   Governing Standard

Pursuant to Supplemental Admiralty Rule F(4), the Court is permitted "to direct all

potential claimants to file their claims against the shipowner in the district court within a

specified period of time." Gorman v. Cerasia, 2 F.3d 519, 523–24 (3d Cir. 1993); see also

Fed.R.Civ.P. Supplemental Rule F(4).  The Court retains discretion, however, to "enlarge the

time within which claims may be filed." Fed.R.Civ.P. Supplemental Rule F(4).

The Court must consider the aforementioned three-factor test. See supra p.3.

When a claimant establishes cause, the Court must freely grant "permission to file late claims

so long as the limitation proceeding is ongoing and the late claim will not prejudice other

parties." Alter Barge Line Inc. v. Consol. Grain & Barge Co., 272 F.3d 396, 397 (7th Cir.

2001).  Given "the equitable nature of admiralty proceedings" courts generally grant litigants

"every opportunity to place their entire case before the court and to correct errors at any stage

of the proceedings." In re Deray, No. 05-2049, 2006 WL 1307673, at *1 (D.N.J. May 10,

2006) (internal quotation omitted).

### B.   Procedural Status

The Magistrate Judge properly held that this matter was no longer "pending and

undetermined" for purposes of the Proposed Claimants' motion, because over two-thirds of

the timely claimants had considered or accepted settlement offers.  (See Magistrate Judge

Decision at 14.)  See also Trace Marine, Inc., 114 Fed.Appx. at 127 (holding the court below

properly deemed the case "partially determined," because several claimants had settled or

were engaged in settlement negotiations at the time of proposed claimants' filing).  The

Proposed Claimants here cite no authority to establish that ongoing discovery outweighs past

or present settlement negotiations.  (See generally Proposed Claimants' Br.)  In fact, the

Proposed Claimants cite no authority to establish that ongoing discovery is a pertinent

consideration to the procedural inquiry.  (See id.)  Accordingly, the Court cannot find that the

Magistrate Judge's ruling as to this issue was a clear error of law or an abuse of discretion.

### C.      Adverse Impact

The Magistrate Judge held that "permitting Proposed Claimants to proceed with their

untimely filing would prejudice the other parties to this limitation action."  (Magistrate Judge

Decision at 14.)  This Court agrees.  Although the Proposed Claimants suggest that the parties

may decide upon a "fair procedure" to schedule IMEs, this Court finds that the examinations

will adversely impact the Plaintiffs in Limitation by imposing a financial burden.  (See

Proposed Claimants' Br. at 4–5.)  Accordingly, the Court will affirm the Magistrate Judge

Decision as to this issue.

### D.      Cause

The Magistrate Judge held that "ignorance of a limitation proceeding that has been

properly published is not cause" to permit untimely filings.  (Magistrate Judge Decision

at 16.)  This Court agrees because the Proposed Claimants cite no authority to

demonstrate that the "simple cause standard" is preferable to the "good cause standard."

(See generally Proposed Claimants' Br.)  See also Dowdell v. U.S. Dist. Court, 139 F.

444, 446 (9th Cir. 1905).  Even more concerning, the Proposed Claimants cite no authority to support the argument that lack of notice is sufficient cause.

The Court rejects the Proposed Claimants' insistence that the "simple cause standard" set forth in Alter Barge recognizes lack of notice as sufficient cause.  (See Proposed Claimants Br. at 3, 6 (citing Alter Barge).)  The Proposed Claimants' interpretation of that case is unduly restrictive.  The central holding of Alter Barge is that courts may permit untimely claims "so long as the limitation proceeding is ongoing and the late claim will not prejudice other parties." Alter Barge, 272 F.3d at 397 (emphasis supplied).  Thus, a court must first find that the proceeding is ongoing and that no party will sustain prejudice before proceeding to the cause inquiry.  See id.  As discussed at length, the Proposed Claimants here fail to establish that the proceeding is ongoing for purposes of their motion or that no party will sustain prejudice if the Proposed Claimants were permitted to file untimely claims.  The "simple cause standard," therefore, does not permit leave for the Proposed Claimants to file untimely claims.  See Alter Barge, 272 F.3d at 397.

Because the Proposed Claimants raised additional policy concerns regarding procedural protections for minor children for the first time on appeal, the Court cannot consider those points.  See Ford Motor Co., 137 F.Supp.2d at 579.  Accordingly, the Court cannot find that the Magistrate Judge Decision was a clear error of law or an abuse of discretion.

13

## IV.     CONCLUSION

For the reasons stated above, the Court finds that the Magistrate Judge committed neither an abuse of discretion nor an error of law by denying the Proposed Claimants' motion to set aside default and permit the late filing of answers and claims.  The Court will affirm the Magistrate Judge Decision and issue an appropriate order.


   s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge


Dated: November 21, 2014

14